UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GUY CARPENTER & COMPANY, INC., | Civil No. 05-1623 (JRT/FLN) |
| Plaintiff, | |
| v. | ORDER |
| JOHN B. COLLINS ASSOCIATES, INC., STEPHEN UNDERDAL, TODD MOCKLER, RANDY FLODEN, ROBERT ROEHRIG, and HANNAH KUHN, | |
| Defendants. | |

Linda T. Coberly and Derek G. Barella, **WINSTON & STRAWN LLP**, 35 West Wacker Drive, Chicago, IL 60601; Thomas E. Marshall, **JACKSON LEWIS LLP**, 150 South Fifth Street, Minneapolis, MN 55402; for plaintiff.

Emily L. Fitzgerald, **DORSEY & WHITNEY**, Suite 1500, 50 South Sixth Street, Minneapolis, MN 55402-1498, for defendants.

Plaintiff Guy Carpenter & Company ("Carpenter") sued defendants alleging breach of contract, tortious interference, misappropriation of trade secrets, and common law claims. The parties filed cross-motions for summary judgment. On August 29, 2006, this Court issued an Order granting in part and denying in part defendants' motion for summary judgment. This matter is before the Court on Carpenter's motion for entry of final judgment under Federal Rule 54(b) and for stay of the trial pending appeal. Specifically, plaintiff seeks to appeal that portion of the Court's August 29, 2006 Order

granting summary judgment to defendants on Carpenter's breach of contract and tortious interference claims. For the following reasons, the Court denies Carpenter's motion.

Federal Rule 54(b) allows the court to "direct the entry of a final judgment as to one or more but fewer than all of the claims." Fed. R. Civ. P. 54(b). Such an order is appropriate "only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment." *Id*. Rule 54(b) orders should not be made routinely. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). The Court grants Rule 54(b) orders only if there exists "some danger of hardship or injustice through delay which could be alleviated by immediate appeal." *Burlington N. R.R. Co. v. Bair*, 754 F.2d 799, 800 (8th Cir. 1985).

Carpenter argues that an immediate appeal will spare a potentially unnecessary and costly trial because the Eighth Circuit is likely to reverse summary judgment on defendants' breach of contract and tortious interference claims. The Court finds that Carpenter has not made the necessary showing of hardship or injustice to support an immediate appeal. Indeed, trial of the remaining issues is imminent, and an immediate appeal on these discrete issues is likely to further delay resolution of this dispute. Thus, a Rule 54(b) order granting an immediate appeal would result in precisely the kind of "piecemeal" litigation that courts disfavor. Even if the breach of contract and tortious interference claims are separate from the remaining claims, the Court finds that judicial economy and the equities of this case weigh against Carpenter's Rule 54(b) motion. *See In re Flight Transp. Corp. Sec.*, 825 F. 2d 1249, 1250-51 (8th Cir. 1987) (stating that courts have discretion in the interest of sound judicial administration even where

individual claims are separable from remaining claims).  For these reasons, Carpenter's motion pursuant to Rule 54(b) is denied.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's motion for entry of final judgment and for stay of the trial pending appeal [Docket No. 130] is **DENIED**.


DATED:   December 12, 2006           s/ John R. Tunheim                _
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                           United States District Judge